## VAN BOKKELEN, appellant, v. TAYLOR.

*Evidence—parol to explain writing.*

In an action to foreclose a mortgage the defense was a release of the mortgage debt, and the release was introduced in evidence. *Held*, that parol evidence was admissible, to show that at the time the release was made plaintiff was not the owner of the mortgage, and that the validity of the release was dependent upon a condition which had not been fulfilled.

APPEAL from a judgment at special term in favor of defendants. The action was brought in Kings county by Spencer D. C. Van Bokkelen against George F. Taylor and others to foreclose a mortgage executed in 1857 by defendant Taylor to the plaintiff to secure a note of $2,500 and a bond.   The defense was that the mortgage debt had been released and discharged by an instrument executed by plaintiff.   Plaintiff in his reply alleged that the release was not intended as a release of the bond, mortgage and note, which at the time of the execution of such release defendants had due notice did not belong to plaintiff but had a long time previously been assigned to plaintiff's brother.   The release in ques-

tion was stated in the answer to have been executed June 23, 1868. Plaintiff in his complaint alleged that the bond and mortgage were assigned by him to his brother by assignment dated December 4, 1860, and re-assigned to him by assignment dated October 10, 1873. The first assignment was recorded August 10, 1868, and the mortgage itself was not recorded until August 24, 1868.

The release mentioned was as follows : "We, the undersigned, creditors of George F. Taylor, of Brooklyn, State of New York, for value received and in consideration of one dollar by him in hand paid to each of us, the receipt whereof is hereby acknowledged, do release him from all indebtedness due by him to us either on book account, note of hand, or in any other way bearing date prior to January 1, 1868."

This was signed by plaintiff and three other creditors, and the amounts of indebtedness to each were set opposite their names. Opposite plaintiff's name was the amount, $3,500. At the trial, after this release had been introduced in behalf of defendant, plaintiff was examined in his own behalf, and asked these questions:

"What was said (at the time of the execution of the release), if any thing, as to its validity in connection with all the creditors signing it?

"What was said, if any thing, in reference to the mortgage at the time this paper was given to be executed?

"Did you have any conversation with the defendant as to how the amount you was to sign off for was made up?"

Upon the objection of defendant, these questions were excluded. Other questions of a similar nature, asking for evidence tending to prove the claim of plaintiff that the release was not intended to include the mortgage debt, but was only to cover other debts alleged to be then due from defendant Taylor to plaintiff, and that it was to be conditional, to go into effect only upon all the creditors signing it, were asked, but were also excluded.

The court found in favor of defendants, and from the judgment entered plaintiff appealed.

*David Barnett* and *Jesse Johnson,* for appellant, cited as to exceptions taken to the admission of testimony, 1 Greenl. Ev. (Redfield's ed.), § 284; *Wallis* v. *Littell,* 11 C. B. N. S. 369; S. C., 8 Jur. N. S. 745; *Wake* v. *Harrop,* 10 W. R. 626; S. C., 7 L. T N. S. 96; *Hall* v. *Merrill,* 9 Abb. 116.

*D. P. Barnard,* for respondent. Plaintiff was estopped by the release from claiming that it released only part of his claims. *Bradley* v. *Gregory,* 2 Campb. 383; *Steinman* v. *Magnus,* id. 124; *Fellows* v. *Stevens,* 24 Wend. 294; *Stearns* v. *Tappin,* 5 Duer, 294; *Hall* v. *Merrill,* 9 Abb. 116; S. C., 5 Bosw. 266.

BARNARD, P. J. I think the court erred in excluding evidence offered by plaintiff, as to what took place at the time of the delivery of the release in question. The plaintiff was attempting to foreclose a mortgage executed to him by the defendant in 1857. He claimed that this mortgage was, in 1860, assigned by him to his brother, Adrian H. Van Bokkelen, and that his brother continued to own the same until 1873.

The release is dated in 1868, and purports to release all claims which plaintiff had against Taylor. The evidence rejected was admissible upon two grounds. In the first place the plaintiff was entitled to prove, that Taylor knew at delivery of the release, that the mortgage in question belonged to plaintiff's brother, and could not be released by plaintiff, and was not covered by his release to defendant. In the second place, it was competent for plaintiff to prove, that the validity of the release depended upon a condition which had not happened.

Judgment is reversed and a new trial granted, costs to abide event.

*Judgment reversed and new trial granted.*